Jeffery L. UTSLER, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and National Fleet Supply Company, Appellees.

No. 2–1180A389.

Court of Appeals of Indiana,
Fourth District.

June 15, 1981.

M. Patricia Smith, Indianapolis, Michele Link, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Janis L. Summers, Deputy Atty. Gen., Indianapolis, for appellees.

CHIPMAN, Judge.

Jeffery Utsler was employed by National Fleet Supply Company until he terminated his employment on July 25, 1980. The issue before the Review Board was whether he had left his employment for good cause. He raises the following issues:

I. Whether the Indiana Employment Security Division (IESD) complied with the notice requirements of Ind. Code 22–4–17–6 and 640 IAC 1–11–1; and

II. Whether Utsler was denied due process when he was not notified of the referee's hearing concerning his claim for unemployment benefits.

We reverse.

## FACTS

On July 22, 1980, Utlser applied for unemployment compensation and listed his address as 408 E. 5th Street, Muncie.[1] An IESD deputy decided he was eligible for benefits. This decision was made on August 1. An appeal was filed by National Fleet requesting a hearing before a referee. On August 29, Utsler informed the IESD that his address had changed to 402 Cooley Street, Yorktown, Indiana, c/o Bonnie Guffey. The referee's hearing was set for September 17 and the IESD, on September 4, mailed notice of this hearing to Utsler's Muncie address. Utsler alleged he did not receive this notice, and the hearing was held without him.[2] The next day the referee reversed the deputy's decision and denied Utsler benefits. The following day while reporting to the IESD office on his regular reporting day, Utsler was informed of the September 17th hearing and its result.[3] He was advised to write the Appellate Section of the IESD to request a new hearing. He did as he was advised and his letter requesting a new hearing and explaining his failure to receive notice was received by the Appellate Section on September 22, one day before the referee's decision was mailed.

Utsler's request for a rehearing was treated as an appeal to the Review Board and without receiving any new evidence the Review Board affirmed the referee's decision. The Board did not, however, address Utsler's lack of notice. This decision was mailed to Utsler's current address and only then did he find out his request for a new hearing had been treated as an appeal.

## I. FAILURE TO COMPLY WITH NOTICE REQUIREMENTS

Utsler's position is the IESD failed to provide him notice of the referee's hearing as required by both statute and regulation[4] by not mailing the notice to his last known

---

1. Utsler was on vacation during his last week of employment and that is why his termination date is later than his claim filing date.

2. He apparently had not filed a change of address card with the post office.

3. This decision was also mailed to Utsler's old address.

4. "IC 22–4–17–6 [52–1542e]. Disputed claims—Procedure—Notice of hearing—Continuance.—The manner in which disputed claims shall be presented and the conduct of hearings and appeals shall be in accordance with regulations prescribed by the board for determining the rights of the parties, whether or not such regulations conform to common law or statutory rules of evidence and other technical rules of procedure. A full and complete record shall be kept of all proceedings in connection with a disputed claim. The testimony at any hearing upon a disputed claim need not be transcribed unless the disputed claim is further appealed: Provided, That with respect to any hearing before a referee held pursuant to section 1803 [22–4–17–3] hereof, *each party to such hearing shall be mailed a notice of such hearing* at least five [5] days before the date of the hearing . . . ." (emphasis added)
640 IAC 1–11–1

.    .    .    .    .

"Upon the scheduling of a hearing on an appeal, *notices of the hearing on Form 605 shall be mailed to the claimant* or claimants

address. The Review Board argues the untenable position that "no statute or regulation supports the interpretation that a document is properly mailed only if it was sent to the [claimant's] last known address" and therefore the IESD had complied with the statutory and regulatory notice provisions by mailing Utsler's hearing notice to an address at which he no longer resided. As stated in IC 22–4–17–6, "each party to such hearing shall be mailed a notice of such hearing . . . ." If we interpret "mailed" to mean anything but "mailed to the claimant's last known address" we will effectively repeal the notice requirement enacted by the legislature since mailing an incorrectly addressed notice is tantamount to not mailing any notice at all.

In this case the IESD had knowledge of Utsler's new address five days before the notice of hearing was mailed and 18 days before the hearing was held, yet it still failed to properly notify him of the hearing. The IESD did not comply with IC 22–4–17–6 and 640 IAC 1–11–1. Since Utsler was not given notice of the referee's hearing, the September 17 hearing was invalid and he is entitled to a new hearing before a referee. This cause is reversed and remanded with instructions to the IESD to provide Utsler a new referee's hearing.[5]

## II. DENIAL OF DUE PROCESS

Since we have decided this case on the above statutory basis, we need not address this constitutional argument.

Reversed.

YOUNG, P. J., and MILLER, J., concur.

and to (1) the claimant's last or separating employer, (2) each employer who has made an offer of work to the claimant or to whose employment claimant has been furnished a referral, and (3) each employer who, other than being chargeable with benefits paid or payable to the claimant, has a direct connection with the issue or issues raised by the appeal. Such notices shall be mailed at least five (5) days before the date of hearing, specifying the place and time of hearing." (emphasis added)

5. The Review Board also argues Utsler waived his right to request a new hearing by failing to seek permission from the Review Board to present additional evidence to the Board under 640 IAC 1–11–8. On the contrary, Utsler did not request an appeal to the Review Board, he requested a new hearing. Secondly, he did not receive the September 18 decision of the referee informing him of the appeals procedure since it too was mailed to his old address. Since Utsler apparently did not know an appeal to the Review Board was even in progress, it is ludicrous to suggest he *waived* his right to request a new hearing.